## ERIE RAILROAD COMPANY v. PURUCKER, ADMINISTRATRIX OF MARIETTA.

ERROR TO THE COURT OF APPEALS OF RICHLAND COUNTY, STATE OF OHIO.

No. 211. Argued April 23, 1917.—Decided June 4, 1917.

A request to charge must be calculated to give the jury an accurate understanding of the law with reference to the phase of the case to which it is applicable.

Plaintiff, employed to work upon the tracks of a railroad company, while walking east on the east-bound track to a place of work appointed by his superior, stepped over to the west-bound track to avoid an east-bound train and was run down by an engine backing, without warning signals, on the west-bound track, and was injured. There was evidence that he did not see the engine because of steam and smoke from the avoided train and that those in charge of the backing engine did not see him. *Held:* (1) That a request to charge that if plaintiff was using the tracks voluntarily for his convenience he assumed the risk, was too broad, in ignoring the circumstances which induced him to use them and in taking for granted his knowledge of the conditions, especially the possibility of negligence in backing the engine without warning. (2) That a request to charge that, if plaintiff, in getting off the track on which he saw the train approaching, could with safety and reasonable convenience have stepped to the right or south of such track, and by his own choice stepped on the other track and was struck by a train thereon, he assumed the risk of such choice—was open to the same objections in not covering the elements of assumed risk, and was more properly applicable to the defense of contributory negligence.

Under the Federal Employers' Liability Act, an employee does not assume a risk attributable to the negligence of his co-employees until he is aware of it, unless the risk is so obvious that an ordinarily prudent person in his situation would observe and appreciate it.

Affirmed.

THE case is stated in the opinion.

*Mr. C. E. McBride,* with whom *Mr. N. M. Wolfe* was on the brief, for plaintiff in error.

*Mr. W. S. Kerr* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Byron B. Marietta brought this suit against the Erie Railroad Company, to recover damages for injuries alleged to have been caused to him by the negligence of the Company. He died pending this proceeding in error and the case was revived in the name of his administratrix. Marietta was what is known as a section man in the em-

ploy of the Company, and had been such for a period of about four weeks before the injury happened. It was his duty to work on the track of the Company wherever directed by the section foreman on the section extending from Pavonia, in Richland County, Ohio, westward for a distance of several miles. The Erie Railroad Company was engaged in both interstate and intrastate commerce. The testimony shows that it was customary for the section foreman to direct Marietta where to work and to tell him on the previous day where to report for work on the following day. On the day before the injury was incurred, he was directed by the foreman to report at a point on the section about a quarter of a mile east of a certain tower, located upon the defendant's track. Early on the morning of the day of the injury, he started from his residence to report to the foreman accordingly. It appears that at and near the place of injury the Company has a double track; that the north track is used for trains going west and the south track for trains going east; that the plaintiff in going to the place designated went upon the south track and was walking eastwardly, when a passenger train bound east came upon this track, and to get out of the way of it he stepped over upon the north or west-bound track; that while walking on that track he was struck and run over by an engine which was running backward and in the opposite direction from that in which trains ordinarily ran upon the north track. This engine had been detached from a train of cars and after pushing another train up a grade on the west-bound track was returning to its own train at the time of the injury. Marietta testified that he had no warning and did not see the approaching engine owing to steam and smoke from the passenger train, which had just passed upon the other track. The engineer and fireman of the backing engine testified that they did not see Marietta until after he was run over by the engine and gave no signal or warning of its approach.

The case was brought, and by the state court was tried, under the state law. No objection reviewable in this court involves the correctness of the charge of the trial court submitting the questions of negligence and contributory negligence to the jury. The Company brings the case here because it contends that it alleged and showed that it was an interstate railroad, engaged in the carriage of freight and passengers between States, and that the train of cars from which the engine which struck Marietta was detached and to which it was returning was engaged in interstate commerce; that inasmuch as he was a section man or track man, employed to work upon the track of an interstate railroad, and was proceeding to his work at the time of his injury, both parties were engaged in interstate commerce and the Federal Employers' Liability Act applied to the case, and that because of the refusal of the trial court to charge as to assumption of risk the Company was deprived of the benefit of that defense.

The Court of Appeals treated the case as one controlled by the state law, and held that the Employers' Liability Act did not apply, as in its view Marietta was not engaged at the time of his injury in interstate commerce, and affirmed the ruling of the trial court in refusing the two requests to charge which are the basis of the assignments of error in this court. These requests were: (1) "If the plaintiff, for his own convenience, voluntarily went along the tracks of the railroad, and this railroad was being at the time used and operated as a highway of interstate commerce, he assumed the risk and danger of so using the tracks"; and (2) "If the plaintiff in getting off the track on which he saw a train approaching could with safety and reasonable convenience have stepped to the right or south of such track, and by his own choice stepped on to a parallel track and was struck by a train on such parallel track, he assumed the risk of such choice." The

refusal to give these requests raises the only federal question in the case.

Conceding, without deciding, that the Federal Employers' Liability Act applied to the circumstances of this case, nevertheless the two requests were properly refused. A request to charge must be calculated to give the jury an accurate understanding of the law having reference to the phase of the case to which it is applicable. *Norfolk & Western Ry. Co.* v. *Earnest*, 229 U. S. 114, 119. The first request simply asked a broad charge that if the plaintiff voluntarily, for his own convenience, went upon the tracks of the railroad, and the railroad was at the time being used and operated as a highway of interstate commerce, he assumed the risk and danger of so using the tracks. This request omitted elements essential to make assumption of risk applicable to the case. It failed to call attention to the circumstances under which the testimony tended to show the plaintiff was using the tracks at the time, and the knowledge of conditions which should have been taken into consideration in order to attribute assumption of risk to him. It failed to take into account the undisputed testimony that the engine ran into Marietta without signal or warning to him. Under such circumstances the injured man would not assume the risk attributable to the negligent operation of the train, if the jury found it to be such, unless the consequent danger was so obvious that an ordinarily prudent person in his situation would have observed and appreciated it. *Chesapeake & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, 313, 314; *Chesapeake & Ohio Ry. Co.* v. *Proffitt*, 241 U. S. 462, 468, and cases cited.

The second request pertained to the conduct of the plaintiff, in view of the particular situation, and what he should have done to protect his safety, considering his danger at the time, and is open to the same objections. This request did not cover the elements of assumed risk

and was more properly applicable to the defense of contributory negligence, concerning which the court must be presumed to have given proper instructions to the jury.

*Affirmed.*