SOPHIE GIRL, Administratrix, Appellee, v. UNITED STATES RAIL-
ROAD ADMINISTRATION et al., Appellants.

**RAILROADS:** Federal Employers' Liability Act—Comparative Negli-
1    gence. Principle reaffirmed that, in an action under the Federal
Employers' Liability Act, the negligence of the injured party is
not a defense unless it is the sole proximate cause of the injury.

**NEGLIGENCE:** Evidence—Speed-Limiting Ordinance. Record re-
2    viewed, and held to justify the reception in evidence of a speed-
limiting ordinance and the submission to the jury of the question
whether the injured party was, when injured, in a place to which
the ordinance was applicable.

**NEGLIGENCE:** Contributory Negligence—Presumption Against Vio-
3    lation of Law. On the issue of contributory negligence, due con-
sideration must be given to the right of the injured party to pre-
sume that other persons will not violate the law, i. e., a speed-
limiting ordinance.

**MASTER AND SERVANT:** Assumption of Risk—Knowledge and Ap-
4    preciation. Principle reaffirmed that an employee does not assume
the risk of the negligence of the master unless the employee has
knowledge and appreciation, or in reason ought to have knowledge
and appreciation, of such negligence.

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

SEPTEMBER 26, 1922.

REHEARING DENIED JANUARY 16, 1923.

ACTION by plaintiff as administratrix of the estate of Frank
B. Girl, deceased under the Federal Employers' Liability Act
to recover damages predicated on the death of said decedent
while employed by the United States Railway Administration.
Cause tried to a jury resulting in a verdict of $7,000. Defendant
appeals.—*Affirmed.*

*Cook & Balluff, J. G. Gamble,* and *R. L. Read,* for ap-
pellants.

*William W. Scott* and *Realf Ottesen,* for appellee.

De Graff, J.—This action arises under the provisions of the Federal Employers' Liability Act. The facts presented by the record warranted the jury in finding that the defendant was negligent, and also that the plaintiff's decedent was guilty of contributory negligence. Under the Federal law if an act of negligence on the part of the defendant is established, and it is also shown that there was some negligence on the part of the decedent-employee proximately contributing to his death the negligence of the latter is not an absolute defense, but will mitigate the damages. *Bennett v. Atchison, T. & S. E. R. Co.* 191 Iowa 1333. It is a comparative defense, and not a defense in bar. *Chicago, R. I. & P. R. Co. v. Ward,* (Okla.) 173 Pac. 212. However, it is not the purpose of the Federal act to afford relief where the injury and resulting damages are due solely to the decedent's negligent conduct. *Virginian R. Co. v. Linkous,* 230 Fed. 88; *Great N. R. Co. v. Wiles,* 240 U. S. 444.

1. RAILROADS: Federal Employers' Liability Act: comparative negligence.

The deceased was an employee of the Rock Island Railroad as a telegraph operator for a number of years prior to his death, and after the railroad was taken over by the United States Railroad Administration he continued his work in its employment. At the time of his death he was 51 years old. He worked at a small telegraph station or shanty in Davenport, Iowa on the right of way west of Taylor Street and a little south of the double tracks of the railroad. Taylor Street runs north and south; the tracks, east and west. The tracks cross the street at grade. The north track is the west-bound and the south track is the east-bound. About one quarter of a mile west of Taylor Street is a semaphore which controls east-bound trains. This signal is operated from the shanty where the decedent worked and it is the rule of the company that all east-bound trains must stop at the semaphore and wait until the operator at Taylor Street signals the train to proceed by "opening the block." The semaphore is visible from the shanty.

One of the duties of the operator at Taylor Street is to receive from the west-bound freight trains a consist or report of the contents of the train. Sometimes the conductor would hand

the report to the operator, and at other times he would attach
it to a heavier object and throw it from the train.  This shanty
is a few feet south of the south rail of the east-bound track, and
right up against the sidewalk on the west side of Taylor Street.
It has windows on the west side through which it is possible to
see trains as they approach from the west for a distance of
about one quarter of a mile.  The shanty door opens to the north.

On the morning of the accident the decedent was attending
to his duties in the shanty.  A regularly scheduled east-bound
train came east as far as the semaphore and stopped.  Girl gave
the customary signal by means of a lever which moved the sema-
phore.  The engineer on the train gave two sharp blasts of the
whistle which indicated he was about to start east and the train
did start east.  Shortly ·after the signal was given to the east-
bound train a west-bound freight train appeared east of Taylor
Street.  As the caboose of the west-bound train approached
Taylor Street the decedent stepped out of the door of the shanty
onto the east-bound track and was hit by the east-bound engine.
The injuries received caused his death.

Girl evidently left the shanty intending to receive the con-
sist from the conductor of the west-bound train.  He had pro-
ceeded north and "a little bit toward the east" about half way
across the track when struck.  Witness Reed testified: "When
he was struck Girl had got out on the track about where the
sidewalk is on the west side of Taylor Street."

The negligence charged by plaintiff against the defendant
is that the train was running at a high and excessive rate of
speed and at a rate in excess of 12 miles an hour contrary to
the ordinance of the city of Davenport.

2. NEGLIGENCE:
evidence: speed-
limiting ordi-
nance.

The material provision of the ordinance
reads: "No such company or person shall per-
mit or allow any engine or car to be run or moved on any road
or railroad track within the limits of said city at a greater rate
of speed than 12 miles per hour; provided, however, that upon
any track or tracks of a railway company where the same does
not cross any public street or avenue at grade, the rate of speed
named in this ordinance does not apply."

It is the contention of appellant that the trial court erred
in admitting the ordinance over the objection of appellant for

the reason that "there is no limit as to the rate of speed permitted trains, except where crossing public streets or avenues at grade."

When a statute or ordinance expressly enjoins an act its omission is negligence as a matter of law. Whether the prescribed act was done or not in a given case is a question of fact. *Central R. & B. Co. v. Smith,* 78 Ga. 694 (3 S. E. 397). Whatever benefits inured or could be claimed by the public under the provisions of the ordinance as applied to railroad crossings also inured to the benefit of the decedent. Its object is not only for the protection of the public having occasion to cross the tracks at the intersection but also for the protection of the employees of the road under similar conditions. *Camp v. Chicago G. W. R. Co.* 124 Iowa 238; *Illinois C. R. Co. v. Gilbert,* 157 Ill. 354.

It is to be observed that the language of the proviso of this ordinance is in the negative, to wit; "upon any track or tracks of a railway company *where* the same does *not* cross any public street or avenue at grade," the maximum rate of speed does not apply. The word "where" must be construed to mean *at the place,* and the ordinance as a whole must be given a rational and reasonable construction. It may not be said that a person in order to claim the benefits of the ordinance must be at any particular spot or place, but he must be at a place where the track of the railroad does cross a public street at grade.

The intent of the ordinance is to limit the speed of trains as they pass over street crossings, and it was for the jury to find and determine whether the decedent at the time of injury was at a place contemplated by the ordinance. The record is not clear as to distances although it is shown that the shanty abutted on the Taylor Street crossing, and that it was but a few steps from the shanty to the south rail of the east-bound railroad track. One witness states that when Girl left the shanty "he was going north, maybe a little bit toward the east and that he stepped along a little better than the average gait a man would walk."

The decedent had the right to presume that the train would not approach the railroad crossing at a rate of speed which would make it impossible for the train to cross the intersection

*at a lawful rate of speed. A railroad employee does not assume the risk of his employer's violation of an ordinance. The term "assumption of risk" means that the employee agrees in a contract of employment, express or implied, that dangers of injury obviously incident to the discharge of the servant's duty shall be at the risk of the employee. *Narramore v. Cleveland, C. C. & St. L. R. Co.* 96 Fed. 298.

3. NEGLIGENCE: contributory negligence: presumption against violation of law.

An employee does not assume the risk incident to the negligence of the employer until he becomes aware of such negligence and of the risk arising therefrom, unless the negligence and risk are so apparent and obvious that an ordinarily careful person would observe the one and appreciate the other. *Seaboard A. L. R. v. Horton,* 233 U. S. 492 (58 L. Ed. 1062).

4. MASTER AND SERVANT: assumption of risk: knowledge and appreciation.

The decedent did not assume the risk attributable to the negligent operation of the train, if the jury found it to be such, unless the consequent danger was so obvious that an ordinarily prudent person in his situation would have observed and appreciated it. *Erie R. Co. v. Purucker,* 244 U. S. 320 (61 L. Ed. 1166). See also, *Boldt v. Pennsylvania R. Co.* 245 U. S. 441 (62 L. Ed. 385).

Decedent must have known as a reasonable person and as an experienced railroad man that a train approaching a crossing at a high rate of speed could not reduce its speed to any appreciable extent within a few feet prior to entering upon the crossing. He had a right to rely upon this physical fact. There was no showing that the ordinance in question had heretofore been violated or that its violation was an open and obvious fact and known to the decedent, and as stated, Girl did not assume the risk of the failure of the company to observe the requirements of law. *Conners v. Burlington, C. R. & N. R. Co.* 74 Iowa 383; *Camp v. Chicago G. W. R. Co.* supra.

It was for the jury to determine whether Girl as a reasonably prudent man believed or had reason to believe that he could cross the track in safety relying in the absence of evidence to the contrary that the defendant would not violate the law in the operation of its train at an excessive rate of speed. The testimony relative to the speed of the train at the time and place

was in serious conflict and the statements of witnesses varied from eight to thirty miles per hour.

The court properly instructed the jury to determine whether the engine which struck the decedent at the time of the accident was being·operated at a greater rate of speed than twelve miles per hour at a place where the tracks crossed a public street at grade, and that such excessive rate of speed alone or jointly with the negligence on the part of the decedent directly and proximately resulted in his injury.    The judgment entered on the verdict is—*Affirmed.*

Stevens, C. J., Weaver and Preston, JJ., concur.