Day, J.
 

 The crucial point in this case is the
 
 *548
 
 construction to be given the language of Section 8970, General Code:
 

 “Every company * * * operating a railroad * * * shall be liable for all loss or damage by fires originating upon the land belonging to it caused by operating such road.”
 

 The petition is based upon the above-noted section, and the rights of the plaintiffs in the original action are to be measured by the scope of that, section of the General Code. The answer of the Director General, having made certain admissions, contains this averment:
 

 “Further answering, defendant denies each and every allegation in plaintiffs.’ petition mentioned not herein specifically admitted to be true, and further denies that there was any negligence on his part, but says that the sole proximate cause of the fire was the negligent act of an employee of the Great Western Oil Company in removing the cap from the top of the gasoline tank car, which allowed gasoline fumes to escape and become ignited, when he knew or should have known that it was unsafe so to act.”
 

 Adverting to Section 8970, we find the following language:
 

 “The existence of fires upon the railroad company’s lands is
 
 prima facie
 
 evidence that they are caused by operating such railroad.”
 

 And Section 8972, General Code, provides, in substance, that it shall not be considered negligence by the owner or occupant of property injured by fire that he used it, or permitted it to be used and remain as though no railroad passed through or near such property; the section, however, containing this exception:
 

 
 *549
 
 “But this rule shall not apply in cases of injury by fire to personalty which at the time was on the property occupied by such road.”
 

 We are therefore of opinion that the turning point of this case must be what is meant in the statute by the expression, “caused by operating such road.”
 

 The Act of April ‘26, 1891, now 'Section 8970, General Code, has received the interpretation of this court heretofore in
 
 B. & O. Ry. Co.
 
 v.
 
 Kreager,
 
 61 Ohio St., 312, 56 N. E., 203, wherein it was held that by virtue of the statute there is imposed “upon every railroad company operating a railroad or part thereof in this state absolute liability for loss or damage by fire, originating on its land, caused by operating the road; and the fact that the fire originated on the land of the company is made
 
 prima facie
 
 evidence that it was caused by operating the road. In an action for such loss or damage, it is not necessary to allege or prove negligence on the part of the company; nor is the absence of such negligence a defense.”
 

 It will be noted that this announcement of the law centers ‘about the expression “caused by operating the- road,” and in the opinion of Williams, J., at page 327 (56 N. E., 204), an indication of the scope thereof is given in the following language :
 

 “A sufficient reason, if that was necessary, for imposing the rule of absolute liability which renders negligence of the railroad company, or its freedom from negligence immaterial, may be found in the fact that such company, having complete
 
 *550
 
 control of its right of way, may readily keep it clear of combustible substances, from which, if allowed to remain, there is, in the operation of the road, constant and imminent danger of fires which others cannot prevent, and against which they may be unable to protect themselves.”
 

 We think this is a very good statement of the reasons underlying the passage of the act and an expression of circumstances under which it is most applicable.
 

 Does the proximate cause of the fire in this case come within the scope of the language of the section in question or the interpretation thereof as indicated in Judge Williams’ opinion?
 

 The proximate cause of a result is:
 

 “That which, in a natural and continuous sequence, unbroken, by any new cause, produces an event, and without which the event would not have occurred. The proximate cause is that which is nearest in the order of responsible causation; that which stands, next in causation to the effect, not necessarily 'in time or space, but in causal relation.” Bouvier’s Law Dictionary.
 

 Was the operation of this locomotive at a distance of 500 feet from the gasoline tank car the proximate cause of the fire? Would the fire have occurred, unless there had been some active participation upon the part of the Great Western Oil Company, through its agent, the superintendent, in releasing the fumes and taking .the dome cap off the tank car, thus permitting the gasoline to bubble up and run over, resulting in the fumes of the gasoline following down the track toward the approaching engine? We think not, and but
 
 *551
 
 for such, action, up on the part of the agent of the Great Western Oil Company the operation of the railroad, in so far as the engine in question was concerned, could have continued with safety.
 

 Now the existence of fires upon the railroad company’s land is
 
 prima facie
 
 evidence only that they are caused by operating such railroad, and a
 
 prima facie
 
 case may always be rebutted and overcome, if possible, by the party against whom the
 
 prima fade
 
 case operates. The defendant Director General of Eailroads had affirmatively averred that:
 

 “The sole proximate cause of the fire was the negligent act of an employee of the Great Western Oil Company in removing the cap from the top of the gasoline tank car, which allowed gasoline fumes to escape and become ignited, when he knew or should have known it was unsafe so to act.”
 

 This vital question,' then, whether the proximate cause of the fire was the operation of the railroad, or the act of the Great Western Oil Company by its agent in releasing the fumes from the gasoline tank car and permitting the gas to run over, was a question of fact, and one ordinarily to be submitted to a jury, but, in the case at bar, one upon which, under the stipulation and evidence, the minds of all men must reach but one conclusion. “What was the proximate cause of an injury is usually a mixed question of law and fact; but where the controlling facts are conceded or found it is a question of law for the court.”
 
 L. S. & M. S. Ry. Co.
 
 v.
 
 Liidtke,
 
 69 Ohio St., 384, 69 N. E., 653.
 

 Under the stipulation or agreed statement of facts and the evidence disclosed by this record, it
 
 *552
 
 clearly appears that the proximate cause of the fire in question was the act of the agent of the Great Western Oil Company in removing the cap from the dome of the tank car, allowing the gasoline to escape and the fumes to find their way 500 feet down the track to the approaching engine, and the fire was not caused by the operation of the railroad within the meaning of Section 8970, General 'Code. The fire in the fire box of the locomotive was of itself harmless, so far. as the operation of the railroad causing the fire was concerned. The act of the agent of the Great Western Oil Company in permitting the gasoline to escape, and its fumes to come in contact with the fire in the locomotive, was the proximate cause of the fire. No fire escaped from the fire box of the locomotive.
 

 The record so showing, it is our opinion that it was the duty of the trial court upon the motion of the defendants to have directed a verdict in their favor; that his refusal so to do was prejudicial error; and that the Court of Appeals erred in affirming the judgment of the court of common pleas. For these reasons the judgment rendered herein is reversed, and, proceeding to enter the judgment that should have been entered by the court of comm on. pleas, the motion of defendants below for a directed verdict in their favor is sustained, and final judgment rendered on behalf of defendants.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Allen, Kinkade and Robinson, JJ., concur.