*530
 
 Hart, J.,
 

 dissenting. I fully concur with the majority opinion in this case so far as it holds that the doctrine of comparative negligence' was' not adopted by this court in either the case of
 
 Smith
 
 v.
 
 Zone Cabs, a Partnership,
 
 135 Ohio St., 415, 21 N. E. (2d), 336, or the case of
 
 Glasco
 
 v.
 
 Mendelman,
 
 143 Ohio St., 649, 56 N. E. (2d), 210. The comparative-negligence doctrine has never been recognized by the state courts in this state except as such doctrine is required to be applied by statute (Section 6245-1, General Code, in actions for personal injury by an employee against his employer due to the negligence of the latter, or Section 9018, General Code, in actions for personal injury by an employee against a railroad company as his employer due to the negligence of the latter).
 

 I dissent in this case, however, as I did in the case of
 
 Smith
 
 v.
 
 Zone Cabs, a Partnership, supra,
 
 because, in my opinion, the plaintiff in that case, as well as plaintiff’s decedent in this case, was guilty of contributory negligence as a matter of law, and proximate cause, under the facts, was not an issue for the jury in either ease.
 

 The defendant’s motion for judgment after the verdict in the instant case was not a motion under Section 11600, General Code, for judgment because the answers to interrogatories are inconsistent with the general verdict, but a motion under Section 11601, General Code, for judgment notwithstanding the verdict. Under Section 11601, General Code, as amended, effective September 2, 1935, on defendant’s motion for judgment notwithstanding ’ the verdict, the court may look not only to the pleadings but the evidence, and, in my opinion, to the whole record including any facts which the jury may have found as shown by answers to interrogatories submitted to it.
 

 It is true in the instant case there was some dispute
 
 *531
 
 in the testimony as to the point at which plaintiff’s decedent crossed the street, but that' controversy was resolved into certainty by the jury in answering an interrogatory to the effect that she did not attempt to cross the street at the crosswalk. The undisputed evidence also shows that she entered the street between two parked automobiles and after she was struck down by defendant’s automobile she was lying on the street at a point not more than thirty feet or thirty-five feet from the crosswalk. With these matters indisputably determined, it necessarily followed that plaintiff’s decedent was guilty of contributory negligence as a matter of law, and no fact bearing upon the‘issue of proximate cause was left in controversy.
 

 The violation of the statute by plaintiff’s decedent in this case, continuing to the moment of impact with defendant’s automobile, brought her into a zone of danger, which made her conduct a proximate cause, of her injury. Clearly, but for the violation of the statute, her injury would not have occurred., In other words, the violation of the statute on the part of the plaintiff’s decedent unquestionably contributed to the untoward result which it was the design of the statute to prevent, and on this point, it seems to me, reasonable minds cannot differ. The only method by which the plaintiff in this case could escape a bar to recovery because of the contributory negligence of plaintiff’s decedent would be to establish a case supporting the doctrine of last clear chance, which was neither pleaded nor proven.
 

 If in every personal injury case in which the. contributory negligence of the plaintiff is made a defense the question as to whether such contributory negligence is a proximate cause of plaintiff’s injury must be one for the jury, then in no such case may the trial court direct a verdict for the defendant on the
 
 *532
 
 ground of the contributory negligence of the plaintiff even though, as here, it be contributory negligence as a matter of law. I cannot concur in a rule which renders a trial court so impotent in the exercise of its functions or the discharge of its duties.
 

 Heretofore, under similar circumstances this court has approved directed verdicts and judgments for defendants notwithstanding the verdict, on the theory that; in those instances, both negligence and proximate cause under undisputed facts presented only questions of law.
 
 Lake Shore & Michigan Southern Ry. Co.
 
 v.
 
 Liidtke, an Infant,
 
 69 Ohio St., 384, 69 N. E., 653;
 
 Davis, Agent,
 
 v.
 
 Atlas Assurance Co., Ltd.,
 
 112 Ohio St., 543, 147 N. E., 913;
 
 Buell, Admx.,
 
 v.
 
 New York Central Bd. Co.,
 
 114 Ohio St., 40, 150 N. E., 422;
 
 Detroit, Toledo & Ironton Rd. Co.
 
 v.
 
 Rohrs,
 
 114 Ohio St., 493, 151 N. E., 714;
 
 Penn. Rd. Co.
 
 v.
 
 Rusynik,
 
 117 Ohio St., 530, 159 N. E., 826;
 
 E. Kahn’s Sons Co.
 
 v.
 
 Ellswick,
 
 122 Ohio St., 576, 172 N. E., 668;
 
 Columbus, Delaware & Marion Electric Co.
 
 v.
 
 O’Day, Admx.,
 
 123 Ohio St., 638, 176 N. E., 569;
 
 Penn. Rd. Co.
 
 v.
 
 Moses,
 
 125 Ohio St., 621, 184 N. E., 8;
 
 New York Central Rd. Co.
 
 v.
 
 Stevens, Admr.,
 
 126 Ohio St., 395, 185 N. E., 542;
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627;
 
 Penn. Bd. Co.
 
 v.
 
 Townsend,
 
 130 Ohio. St., 554, 200 N. E., 772;
 
 Patton, Admx.,
 
 v.
 
 Penn. Rd. Co.,
 
 136 Ohio St., 159, 24 N. E. (2d), 597.
 

 The defendant’s motion for judgment notwithstanding the verdict should have been sustained.
 

 Matthias and Sohngen, JJ., concur in the foregoing dissenting opinion.