**UNITED STATES STEEL COMPANY,**
Appellant,

v.

**Stanley P. OLEWINSKI, Appellee.**

No. 12736.

United States Court of Appeals
Sixth Circuit.

June 29, 1956.

James C. Davis, Cleveland, Ohio, James C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, on the brief, for appellant.

Theodore T. Sindell, Cleveland, Ohio, Fred D. Shapiro, Sindell, Sindell, Renswick & Bourne, Cleveland, Ohio, on the brief, for appellee.

Before MARTIN and STEWART, Circuit Judges, and STARR, District Judge.

PER CURIAM.

The appellee was injured while working as an electrician for an independent contractor on the appellant company's premises at Lorain, Ohio. Diversity of citizenship existing, he brought this action in the district court, where he was awarded a money judgment upon a jury verdict in his favor.

Appellant argues that as the owner of the premises it violated no duty to the appellee under the law of Ohio, since the appellee had full knowledge of the dangerous condition which caused his injuries. In so contending, appellant places prime reliance upon Schwarz v. General Electric Realty Corp., 1955, 163 Ohio St. 354, 126 N.E.2d 906; Wellman v. East Ohio Gas Co., 1953, 160 Ohio St. 103, 113 N.E.2d 629; Davis v. Charles Shutrump & Sons Co., 1942, 140 Ohio St. 89, 42 N.E.2d 663, and this court's decision in Ford Motor Co. v. Tomlinson, 6 Cir., 1956, 229 F.2d 873. It is also the appellant's position that the appellee was guilty of contributory negligence and assumed the risk of injury as a matter of law. Masters v. New York Central Rd. Co., 1947, 147 Ohio St. 293, 70 N.E.2d 898. It is urged that the trial court was in error in not directing a verdict for the appellant upon these grounds.

In Ford Motor Co. v. Tomlinson, supra, this court took occasion to review the Ohio law as to the liability of an owner for injuries received on his premises by an employee of an independent contractor, with particular reference to the so-called "frequenter" statutes of Ohio. Ohio Rev.Code, Sections 4101.11 and 4101.12. In the Tomlinson case, as in Schwarz v. General Electric Realty Corp., supra, the immediate cause of the accident was the negligence of other employees of an independent contractor over whom the owner exercised no control. Not only is that factor not present in the instant case, but the dangerous instrumentality that caused the injury here, high-voltage electricity, was within the complete and exclusive control of the appellant. Viewing the evidence in the light most favorable to the appellee, we cannot conclude that the court was in error in submitting to the jury the questions of negligence, contributory negligence and assumption of risk. Moreover, we perceive no prejudicial error in the court's instructions upon the issue of assumption of risk.

Accordingly, the judgment of the district court is affirmed.