Zimmerman, J.
In this court McAllister’s assignments of error relate (1) to the failure of the trial court to direct a verdict in his favor on the evidence, particular acts being enumerated wherein Miller was claimed to have been negligent; (2) to error on the part of the Court of Appeals in refusing to enter judgment for him on the strength of the jury’s answer to question number four in the special verdict; (3) to error by the Court of Appeals in holding.that assumption of risk is not presented by the evidence; (4) to error by the Court of Appeals in deter *490 mining that, when contributory negligence and assumption of risk are shown by the evidence to have existed, they must be presented by separate and distinct questions in a special verdict; and (5) to error on the part of both lower courts in invoking the sudden-emergency doctrine to excuse Miller’s negligence.
Since the institution and trial of this cause occurred in 1956, it is conceded that the new remedial sections of the Code covering special verdicts, effective October 4, 1955, are applicable. See Smith v. New York Central Rd. Co., 122 Ohio St., 45, 170 N. E., 637.
These new sections were enacted after the decision of this court in Landon v. Lee Motors, Inc., 161 Ohio St., 82, 118 N. E. (2d), 147, and they changed materially the then existing law relating to special verdicts. For a better understanding of the discussion which follows, we think a comparison of the old and new sections, set out in parallel columns, will be helpful.
OLD
“Section.2315.12 Verdict of jury.
“The verdict of a jury must be either general or special.
“Unless otherwise directed by the court, a jury may render either a general or a special verdict, in all actions.”
“Section 2315.14 Special verdict.
“A special verdict is one by which the jury finds facts only as established by the evidence: and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw, from the facts found, conclusions of law.”
NEW
“Section 2315.12 Verdict of jury.
‘ ‘ The verdict of a jury must be either general or special.
“Unless otherwise directed by the court, a jury shall render a general vei’dict.”
“Section 2315.14 Special verdict.
“A. special verdict is one by which the jury finds separately upon each determinative issue tried by the jury so that nothing remains for the court but to render judgment in accordance with such findings.”
*491 OLD
“Section 2315.15 Court to direct a special verdict.
“When requested by either party, the court shall direct the jury to give a special verdict in writing, upon any issues which the case presents.”
“Section 2315.16 Finding on questions of fact; journal entry.
“When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
‘ ‘ Section 2315.17 Special finding of facts to control.
‘ ‘ When a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly. ’ ’
NEW
“Section 2315.15 Court to direct a special verdict.
“When requested by either party, the court shall submit in writing each determinative issue to be tried by the jury and direct the jury to give a special verdict.”
‘ ‘ Section 2315.16 Finding on material allegations; journal entry.
“When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations contained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
‘ ‘ Section 2315.17 Special finding of facts to control judgment.
“When a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly. ’ ’
*492 It will be observed that under the new sections:
1. A jury may not render a special verdict of its own volition. (Section 2315.12, Revised Code.)
2. A special verdict form must be submitted by the court in writing when requested by either party (Section 2315.15, Revised Code), and its substance and form must be as directed by the court.
3. In a special verdict the jury must find separately “upon each determinative issue” which does not limit such findings to questions of fact alone. (Section 2315.14, Revised Code.)
4. There is no provision for a narrative form of verdict, and, under these new statutes, such a form would be difficult to compose.
5. In conjunction with a special verdict and when requested by either party, written interrogatories shall be submitted to the jury, limited to special findings “upon particular material allegations contained in the pleadings and controverted by an adverse party,” and which contemplate essentially disputed matters of fact. Obviously, interrogatories are for the purpose of testing the soundness of a special verdict.
Now let us turn to the so-called special verdict form submitted to the jury in the instant ease. Because of its importance in the disposition of this appeal, we reproduce it in full with the jury’s ansAvers to the questions propounded therein:
SPECIAL VERDICT
“The jury in this case, being duly impaneled and '¡worn, upon the concurrence of the undersigned jurors, not being less than three-fourths of the whole number thereof, do find and return this special verdict.
“1. Each of the first parts of the following questions of (a), (b), and (e) has to do Avith one of the issues as to whether the defendant’s driver, La Verne A. Kraft, Avas negligent as to that particular issue. The second or last part of each question has to do with the issue of proximate cause and should only be answered if your answer to the first part of the particular question is‘Yes.’
*493 “ (a) Was Mr. Kraft driving at the time of the collision at a speed that was excessive considering the weather and road conditions?
“Answer: Yes
“Did such negligence proximately cause the plaintiff’s injuries?
“Answer: Yes
“(b)Did Mr. Kraft fail to keep at the time in question a proper, meaning a reasonable, lookout ahead?
“Answer: No
“Did such negligence proximately cause the plaintiff’s injuries ?
“Answer: [Not answered.]
. “(c) Did Mr. Kraft fail to drive at the time in question at a speed that would have permitted him to have stopped within the assured clear distance ahead?
“Answer: Yes
“Did such negligence proximately cause the plaintiff’s injuries?
“Answer: Yes
“2. Did plaintiff have the red tail light on his truck lighted at and immediately prior to the time of the collision?
“Answer: Yes
“If your answer is ‘Yes,’ you must not answer the next two questions.
“If your answer is ‘No,’ by such fact did he fail to use ordinary care, meaning was he negligent?
“Answer: [Not answered.]
“If your answer is ‘Yes,’ to the last question above, did such negligence proximately cause or proximately contribute in any degree to cause his injuries?
“Answer: [Not answered.]
“3. Was it practicable for the plaintiff to have stopped, parked or left his truck off of the useable part of the paved or main traveled part of said highway?
“Answer: No
“If your answer is ‘Yes,’ then did such negligence proxi *494 mately cause or proximately contribute in any degree to cause the plaintiff’s injuries?
“Answer: [Not answered.]
“4. Should plaintiff have reasonably anticipated or foreseen danger to himself as a natural and probable consequence of the activities in which he was engaged?
“Answer: Yes
“If your answer is ‘No,’ you should not answer the next two questions.
“If your answer is ‘Yes,’ did he exercise reasonable care to avoid such danger?
“Answer: No
“If your answer is ‘No,’ did such negligence proximately cause or proximately contribute to cause plaintiff’s injuries?
“Answer: Yes
“5. What sum of money do you find would fairly compensate the plaintiff for the injuries he received in the accident in question?
“Answer: $38,300.00.” (Verdict signed by ten jurors.)
In our opinion, such special verdict form is not that contemplated by the new statutes on special verdicts. It calls, in part at least, for findings on evidentiary matters, which procedure falls within the classification of interrogatories. Under the new statutes, a special verdict form should embrace only “determinative issues,” and determinative issues are ultimate issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury.
The mere reading of the questions contained in the so-called special verdict form submitted and the answers thereto demonstrates confusion on the part of the jury with such irreconcilable conflicts as to prevent the rendition of a judgment on such a verdict in favor of either party. In such a situation we think, as did the majority of the Court of Appeals, that the trial court should have ordered a new trial.
*495 In this connection, attention is called to Section -2323.17, Revised Code, which recites:
“When the verdict is special, or there is a special finding on particular questions of fact * * * the court shall order what judgment shall be entered. Where a verdict is so indefinite, uncertain or defective that a judgment cannot be rendered thereon, the court shall order a new trial.”
Because of the new provisions respecting special verdicts and interrogatories, pleadings should be prepared with care and precision. For example, if in a negligence action the defendant plans to request a special verdict and wishes to rely on both the affirmative defenses of contributory negligence and assumption of risk, he should plead them separately. Cf. Jones v. Erie Rd. Co., 106 Ohio St., 408, 409, 140 N. E., 366, 367. The answer in the present case does not do that. Neither in the answers nor in the special verdict form given the jury is there any distinct separation of contributory negligence and assumption of risk, which we think there should have been. Besides, under the law announced in Masters v. New York Central Rd. Co., 147 Ohio St., 293, 301, 70 N. E. (2d), 898, 903, and the very recent case of Ricks v. Jackson, ante, 254, it is at least questionable whether assumption of risk may properly be applied as to Miller on the evidence introduced. Can it reasonably be said that Miller deliberately placed himself in a position of appreciated danger and with the realization that such danger would probably materialize in the form of a vehicle colliding with his truck?
In a simple negligence action with one plaintiff and one defendant and involving the claims of negligence and contributory negligence, we suggest that a special verdict form under the new statutes might be substantially as follows:
SPECIAL VERDICT
We, the jury, first being impanelled and sworn and being three-fourths or more of our number, do find as to determinative issues in this cause and in response to the questions submitted, as follows:
*496 1. Was the defendant, John Doe, negligent in one or more of the particulars alleged in the petition?
Answer: ................
Each juror concurring in the above answer herewith signs his or her name this......day of......,19.....
(12 lines for signatures.)
2. If the defendant, John Doe, was so negligent, was such negligence a proximate cause of any injuries which the plaintiff, Richard Roe, may have sustained?
Answer: ................
Each juror concurring in the above answer herewith signs his or her name this ....’. .day of......, 19.....
(12 lines for signatures.)
3. Was the plaintiff, Richard Roe, negligent?
Answer: ................
Each juror concurring in the above answer herewith signs his or her name this......day of.......19.....
(12 lines for signatures.)
4. If the plaintiff, Richard Roe, was negligent, was such negligence a proximate cause of any injuries he sustained?
Answer: ................
Each juror concurring in the above answer herewith signs his or her name this......day of......,19.....
(12 lines for signatures.)
5. If, from the above answers, the court determines that the plaintiff, Richard Roe, is entitled to recover, what amount of money will compensate him for the injuries and damages, if any, he sustained?
$ . . .............
Each juror concurring in the above answer herewith signs his or her name this......day of......, 19.....
(12 lines for signatures.)
If it is desired to submit interrogatories in connection with the special verdict form, such interrogatories should be limited to material allegations of facts — controlling facts — as have been set out in the pleadings and controverted. (Section 2315.15, Revised Code.)
*497 We realize the difficulties presently to be encountered as concerns the preparation and submission of both special verdict forms and interrogatories, and it must be left largely to the sound discretion of the trial court as to what they should contain and as to the form they should take. Certainly as much simplicity as is possible is an objective to be striven for.
As to the instructions, special and general, in a special verdict case, we think that, under the new special-verdict statutes, they should be similar to those given in a case where a general verdict is to be rendered, with such changes and adaptations as are indicated by the new statutes on special verdicts and interrogatories. The purpose and manner of use of the special verdict should be explained to the jury. The pleadings should be outlined, the issues as presented by the pleadings should be stated and explained, and the meaning of the various legal terms incident to the particular case should be carefully defined. Naturally, the “burden of proof,” “preponderance of the evidence,” “the credibility of witnesses,” and “the functions and duties of the jury and the number of jurors required to return a verdict,” etc., should be covered. And in a negligence action, “negligence,” “contributory negligence,” “proximate cause,” etc., should be defined; also “assumption of risk,” where it is in the case and is expressly relied on as a defense.
In attempting to prepare this part of the opinion with some degree of clarity and sense, the writer has found several helpful articles. Reference is made to “Special Verdicts,” by Jack R. Alton, contained in Volume XXX, No. 32, Ohio Bar, 657 (August 12, 1957); to “Amendments Relating to Special Verdicts,” by state Senator Fred L. Hoffman, found in 16 Ohio State Law Journal, 454; and to two articles dealing with instructions in special verdict cases, by Common Pleas Court Judge Robert L. McBride, contained in 59 O. 0., 381, 391.
In our view, as concerns Miller, there were no features of “emergency.”
As generally understood, an emergency is transitory in character and comprehends a sudden and unexpected occurrence or condition which demands immediate action without time for *498 reflection or deliberation, such as for instance where a motorist, lawfully driving in the proper traffic lane on his own side of the road, turns his car into a ditch to avoid an approaching automobile which quickly and without warning.swerves in front of him. In the instant case, Miller had been working on the stalled'truck for some little time before the collision happened, and therefore the ‘ ‘ emergency doctrine ’ ’ may not be invoked to excuse him from any negligence which might be attributed to him in the circumstances.
On the record in this case, we can not say that McAllister was entitled to a directed verdict or to judgment in his favor as a matter of law. There were factual issues involved for a jury’s determination under proper instructions and procedures.
The Court of Appeals was correct in reversing the judgment below and remanding the cause for a new trial and its judgment is, accordingly, affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.