By the Court
 

 (Kinkade, J.). Charles Ellswick
 
 *577
 
 brought an action in the court of common pleas of Hamilton county against three defendants to recover damages resulting from personal injuries received by falling into an elevator shaft which he alleged was negligently left open, unlighted, and unguarded by the defendants. The jury returned a verdict in his favor against one of the defendants, the E. Kahn’s Sons Company, plaintiff in error here, and against him in favor of each of the other two defendants, one of which latter verdicts was directed by the trial judge. Judgments were entered accordingly. The Court of Appeals affirmed the judgment entered in favor of Ellswick. Error is prosecuted here to reverse that judgment.
 

 The defendants denied all acts of negligence charged by Ellswick. At the trial several defenses were interposed, and among others the defense of contributory negligence. Ellswick alleged that he was exercising due care and caution for his own. safety, and was not himself guilty of any fault or negligence in connection with his injury. These allegations were denied by the defendants in their answers. The issue of contributory negligence was fully and completely covered by evidence in the case, as shown by the record.
 

 Many errors are assigned by the plaintiff in error as calling for a reversal of the judgment entered in favor of Ellswick, including the claimed error of the trial court in overruling the motion of plaintiff in error for a directed verdict in its favor.
 

 Plaintiff in error insists that Ellswick’s own testimony, standing alone, was abundantly sufficient to clearly establish his contributory negligence as a matter of law.
 

 
 *578
 
 Ellswick was one of many employees engaged in the repair and reconstruction of a number of old buildings, and the construction of several new buildings, all on one tract of property owned by the plaintiff in error, and the equipment of all the units of the property as a single abattoir plant.
 

 There was one general independent contractor and a number of independent contractors for smaller units of this work. All contractors furnished their own workmen and the necessary materials to complete the work embraced in their contracts, respectively. Ellswick was not in the employ of any of the defendants named in this action.
 

 The completion of the plant involved the building and equipping of a very large cooling or refrigerating room for the cooling, storing, and handling of meats. This room, as designed and constructed, was without any windows and was dark, so dark that persons who passed through the room were obliged to strike matches in order to see where they were going; the electric lighting system in the room not having been completed.
 

 Ellswick had no duties to perform in this room, and was not invited by the owners of the plant or by the architect or by any of the contractors, or by any one having any control over any part of the plant, to enter this room, much less to go through the room. His work was in another unit of the plant. He had been at the plant but three days prior to the day on which he was injured. He had an entirely safe way to enter the plant and go to his place of work there. He had traveled this safe way five times with entire safety to himself. A workman who was better.acquainted with the plant than was Ellswick had vol
 
 *579
 
 unteered to pilot Ellswick through this large dark room when they both arrived at the plant at the same time on the morning of Ellswick’s third day of service. On leaving the plant that evening Ellswick realized that he was not sufficiently familiar with the dark room route to attempt to find his way out alone by that route, so he left the plant by the safe route he had traveled in and out on his first two days at the plant.
 

 On the morning of his fourth day of service, Ells-wick came to the plant with his brother, and he then undertook to pilot his brother into the plant and to the place where they were going to work, by traveling the route through the dark room, through which he had been piloted the morning before. While doing this, he fell into the elevator shaft. The room was then so dark that the brother who was following him could not see what had become of Ellswick when he fell into the shaft until he secured a light, by calling for help.
 

 This court does not pass on the weight of the evidence. We have, however, examined with much care Ellswick’s own testimony manifest in the record, and by this examination we are driven to the conclusion that his own negligence directly, proximately, and very substantially contributed to the production of the injuries he received. Indeed, it would be difficult to imagine a course of conduct more heedless, reckless, and dangerous in character than that pursued by Ellswick, and we have no hesitancy in saying this after going over his testimony and giving it the construction most favorable to him.
 

 We see no reason for discussing any other feature of the case. The contributory negligence as a matter
 
 *580
 
 of law is a controlling principle in the case, and necessitates the reversal of the judgments of the trial and appellate courts, and the entering here of the judgment that should have been entered in the trial court, that is to say, final judgment in favor of the plaintiff in error.
 

 Judgment reversed md final judgment for plaintiff in error.
 

 Marshall,, C. J., Robinson, Jones and Allen, JJ., concur.