Turner, J.
 

 Assuming for the purpose of this de
 
 *43
 
 cisión that the defendant city was guilty of negligence, we are of the opinion that the record clearly discloses negligence on the part of plaintiff. Such negligence was not dispelled. Therefore, the decision of this case depends upon whether such negligence of plaintiff contributed directly to her injury.
 

 In the case of
 
 Highway Construction Co.
 
 v.
 
 Sorna,
 
 122 Ohio St., 258, 171 N. E., 312, relied upon by the trial court, it was held in paragraph one of the syllabus :
 

 “One. using a sidewalk, crosswalk, street or highway, which ordinary and reasonable care would in- , form him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects, such as his observation ought to have detected and avoided.”
 

 Where one steps on an apparently good sidewalk but owing to some hidden defect an injury occurs, a plaintiff may be justified in claiming a “latent defect,” but where the step is taken on an obviously defective walk we see no justification for attempting to distinguish between apparent and latent defects of such walk, In this case plaintiff deliberately stepped upon a walk which she saw and realized was a defective walk. Certainly the tilting of a piece of concrete in a defective walk is not an unusual concomitant of a defective walk. When plaintiff stepped upon such piece of concrete in a defective walk she took the risk.
 

 We have no criticism of the rule stated by the Court of Appeals in its opinion that upon motion for a directed verdict the trial court is required to give the most favorable intendment to plaintiff’s whole evidence. That is a well settled rule. But where plaintiff herself makes admissions against interest during her cross-examination which admissions show clearly that her negligence contributed directly to her injury (onp of the precise, ultimate facts in issue) a question of law and not of fact is raised and the trial
 
 *44
 
 court has a plain duty to sustain a motion for a directed verdict. Both paragraphs of the syllabus of
 
 Pope, Admx.,
 
 v.
 
 Mudge,
 
 108 Ohio St., 192, 140 N. E., 501, should be limited to the peculiar facts of that case.
 

 We are of the opinion that the Court of Appeals labored under a misapprehension as to the quality of the evidence adduced from plaintiff while on the stand. Evidently the court’s attention was not called to the fact that plaintiff’s answers on cross-examination constitute admissions against interest or as it is sometimes called, judicial admissions.
 

 The Court of Appeals assumed that because plaintiff testified one way in chief and contrarily on cross-examination, the case should be left to the jury to choose between her conflicting statements. That would be proper in the case of an ordinary witness, but where the testimony involved is that of the plaintiff and the plaintiff’s testimony whether in chief or cross-examination, discloses negligence on the part of plaintiff contributing directly to her injury the
 
 fact
 
 has been settled and the matter becomes a question of law to be determined by the court.
 

 In the case of
 
 New York Central Rd. Co.
 
 v.
 
 Stevens, Admr.,
 
 126 Ohio St., 395, 185 N. E., 542, 87 A. L. R., 884, this court held in paragraph four of the syllabus as follows:
 

 “In an action for damages for personal injuries, where plaintiff’s own testimony will warrant no inference but that his own want of due care contributed proximately to causing the injury, there can be no recovery, and a motion directing the jury to return a verdict for the defendant should be sustained.”
 

 In the case of
 
 E. Kahn’s Sons Co.
 
 v.
 
 Ellswick,
 
 122 Ohio St., 576, 579, 172 N. E., 668, this court in the course of the
 
 per curiam
 
 opinion said:
 

 “This court does not pass on the weight of the evidence. We have, however, examined with much care Ellswick’s own testimony manifest in the record, and
 
 *45
 
 by this examination we are driven to the conclusion that his own negligence directly, proximately, and very substantially contributed to the production of the injuries he received.” See, also,
 
 Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.
 
 v.
 
 Lee, Admr.,
 
 111 Ohio St., 391, 145 N. E., 843.
 

 From the evidence set out in the foregoing statement of facts we are of the opinion that plaintiff was clearly guilty of negligence which contributed directly to the injury which she received. Such admissions by plaintiff raised a question of law to be decided by the trial court and not to be submitted to the jury.
 

 We do not reach the other questions raised.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is reversed and the judgment of the Common Pleas Court is hereby affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.