**TRITSCH, Plaintiff-Appellee, v. BACH, Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 7144.   Decided October 24, 1949.

Harry Kasfir, Cincinnati, for appellee.
Burke & Cooney, Cincinnati, for appellant.

**OPINION**

By HILDEBRANT, J.:

This law appeal is from the Common Pleas Court, wherein the plaintiff recovered a verdict and judgment for damages for breach of an oral contract to form a partnership.

In his petition, plaintiff alleges, in substance, that defendant importuned him to leave his employment, continuously held for the past 9-½ years, and if he would do so, he, the defendant, would make him a full partner in his business; that, relying on said promise, plaintiff quit his employment and on July 8, 1947 started to work at defendant's place of business, where he continued to work until March 26, 1948—a period of some nine months, when defendant denied the existence of any agreement to form a partnership and advised plaintiff he was no longer able to employ him. Plaintiff also alleged that during the period between July 8th, 1947 and March 26th, 1948 he made numerous requests on defendant to consummate a partnership agreement, but that defendant evaded, made excuses for delay until the time of openly denying the agreement. The petition then details plaintiff's claims for damages, totaling $2470.92.

From his petition, it is clear that plaintiff conceived his cause of action to be at law for damages for the breach of an executory contract to form a partnership. It is well established that such an action at law will lie in a proper case, and the court has no quarrel with citations made to that effect.

It is also firmly established, so as not to require citation, that once the legal relationship of partners is established, one may not sue the other in an action at law for violation of the rights of a partner, but is remitted to the equitable action of accounting and dissolution to determine the rights and liabilities between partners.

The record here is so meagre, as to make it very difficult for the courts to determine exactly what the agreement was, if there was a meeting of the minds at all.

However, the plaintiff's own testimony supplies the legal solution by reason of its being subversive to his declared cause of action at law for damages for breach of an executory contract to form a partnership.

Plaintiff testified at page 15 of the record that he believed he was a partner all the while between July 8th, 1947 and March 20th, 1948; that each man had an equal drawing account; that he deposited bonds with the defendant for safe keeping and to be available for use in the business, although he was to contribute no cash but payment for half the

assets was to be taken from profits to be determined at the end of the year, and that he had asked for such an accounting, which was postponed by the defendant, and that he had asked to see the books, which was refused.

Plaintiff's testimony, therefore, amounts to an admission that the actual partnership relation according to his belief started when he quit his former employment and went to work at defendant's place of business. Taking this admission to be true, it is subversive of the cause of action declared upon and required final judgment for the defendant. It is stated in 53 Am. Jur., p. 298:

"Where a party's own testimony, if true, would defeat his right to a verdict, and such statements are not modified or explained, a verdict may be directed against him."

**39 O. Jur., 819,** states:

"When a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony, and cannot successfully complain if he is nonsuited or the court directs a verdict against him."

In **Hodges v. Ettinger, 127 Oh St, 460,** at **462,** Stephenson, J., says:

"The testimony of a party to an action necessarily subversive to his interests in the particular action is regarded in all courts as conclusive."

In **Winkler v. City of Columbus, 149 Oh St, 39,** it is stated in the syllabus:

"Where, in an action for personal injury, plaintiff's testimony amounts to an admission that she was guilty of negligence at the time and place, which contributed directly to her injury, it is the duty of the trial court to sustain a motion for a directed verdict in favor of defendant."

And, at page 44, Turner, J., states:

"The Court of Appeals assumed that because plaintiff testified one way in chief and contrarily on cross-examination,

the case should be left to the jury to choose between her conflicting statements. That would be proper in the case of an ordinary witness, but where the testimony involved is that of the plaintiff and the plaintiff's testimony whether in chief or cross-examination, discloses negligence on the part of plaintiff contributing directly to her injury the fact has been settled and the matter becomes a question of law to be determined by the court."

Other cases in accord are: **N. Y. Cent. Rd. Co. v. Stevens, Admr., 126 Oh St, 395; 185 N. E. 542; 87 A. L. R. 884; E. Kahn Sons' Co. v. Ellswick, 122 Oh St, 576, 579; 172 N. E. 668; C. C. C. & St. L. Ry. Co. v. Lee, Admr., 111 Oh St, 391; 145 N. E. 843.**

The judgment is, therefore, reversed, and the cause remanded, with instructions to render final judgment for the defendant.

While we find error in the instructions as to the measure of damages, in view of the foregoing, no further comment is necessary here.

We find no other error, prejudicial to the appellant in the record.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.