KINKEY, APPELLEE, *v.* MAXON, APPELLANT.

(No. 7628—Decided November 17, 1952.)

*Mr. Charles M. Gowdy,* for appellee.
*Messrs. Steer, Strauss & Adair* and *Mr. Charles H. Tobias, Jr.,* for appellant.

MATTHEWS, J. This is an appeal on questions of law from a judgment entered on a verdict for the plaintiff.

The plaintiff alleged two causes of action in his petition. The first cause of action was upon an account for work done and materials furnished in the remodeling of defendant's dwelling. The second cause of action was for the foreclosure of a mechanic's lien perfected by the plaintiff to secure the payment of his claim.

The defendant, by her amended answer and cross-petition, denied generally the allegations of plaintiff's first cause of action and specifically denied that she was indebted to the plaintiff in any amount. No affirmative defense was alleged.

In her cross-petition, the defendant set forth that she and the plaintiff had entered into three express contracts whereby plaintiff agreed to do the work and furnish the materials alleged in his first cause of action for the total sum of $3,050, said work and mate-

rials to be fully performed and furnished not later than November 15, 1950. These contracts were alleged to have been made on September 1, 1950, and on or about September 15, 1950. The defendant alleged that the plaintiff had not performed his contract and that she had paid him a total sum of $4,119.80, the last payment being for $1,000, "which was paid by said defendant and received by plaintiff in full satisfaction of all work performed or to be performed by him under said contracts."

The defendant, in her cross-petition, set forth the respects in which the plaintiff allegedly failed to perform the contracts, his delay in performing, and the damage resulting to her, amounting to $968.22.

We shall consider the errors assigned in the order in which they are presented in the appellant's brief.

(1) Defendant requested the trial court to give a special charge before argument based on the premise that there was substantial evidence of an express contract to do certain remodeling for $2,000, and upon this premise sought to have the court instruct the jury that "if you further find that this contract was never abandoned by mutual consent of the parties; and if you further find that the total of $2,000 plus the reasonable value of any additional work performed by Mr. Kinkey and not within the agreement, does not exceed what Mrs. Maxon has already paid to Mr. Kinkey, then you should render a verdict for the defendant."

The court refused to give this charge, and we think properly so. It is fundamental that a charge must be predicated upon some theory of the facts supported by substantial evidence.

On the subject of the express contract to pay $2,000 for certain specific items of work and material, we fail to find any substantial evidence. There is evi-

dence that the plaintiff submitted a written offer to make certain alterations for $2,000, but the evidence is clear that the defendant rejected the offer. There is no evidence that the minds of the parties ever met on this subject. The only probative effect of the evidence of the negotiations of the parties on this subject was as an admission on the part of the plaintiff as to the reasonable cost of the remodeling covered by his offer.

(2) The defendant requested a second special charge applicable to her cross-petition which incorporated the same provision relating to the finding of an express contract to do certain remodeling for $2,000. The reason for refusing the first charge is equally applicable to this charge.

We are advised by defendant's counsel that the trial court refused this charge because "it believed that the evidence precluded a jury finding of a continually subsisting contract." We concur with that opinion. Our analysis of the evidence has led us to the conclusion that there is no substantial evidence of such an agreement.

(3) Counsel urge that the trial court was inconsistent in refusing to give special charge No. 2 and then submitting to the jury the issues raised by the cross-petition and the answer thereto. It seems to us that a sufficient answer to that contention is that the contract, the existence of which was submitted to the jury, was not the same contract that was set forth in the refused special charges. There was some evidence of an agreement as to the time for completion of the work and there was some evidence of a failure to complete some work upon which the plaintiff had started and which remained unfinished. To that extent there was evidence of a breach on plaintiff's part, justifying the submission to the jury of the issues raised by the cross-petition. But the court did not submit to the

jury the question of whether a contract existed to do the remodeling for $2,000, and for the very good reason, as we find, that there was no substantial evidence of its existence.

(4) Next, it is urged that the court should have submitted an issue of accord and satisfaction to the jury with an instruction on the law relating to that issue.

It should be observed that the defendant did not plead an accord and satisfaction as a defense to the first cause of action. As a defense to the second cause of action (which is the action to foreclose the mechanic's lien), the defendant alleged the existence of special contracts to do the remodeling and alleged also the payments she had made ending with the last payment which she alleged "was paid by said defendant, and received by plaintiff in full satisfaction of all work performed or to be performed by him under said contract." It would seem that inasmuch as there was no substantial evidence of work done under a special contract, a plea of accord and satisfaction would present an impossibility. And such a defense to an alleged but unproven special contract could not be transferred to an action for the reasonable value of services and material performed and furnished, in the absence of an express contract on the subject of compensation.

Furthermore, we find no substantial evidence of an accord and satisfaction. It is true that the defendant on cross-examination testified that at the time she made the payment of $1,000 she *intended* to say: "This $1,000 is going to pay you in full." But that is not a statement that she actually said that, nor is it equivalent to a statement that she would pay the $1,000 only on condition that it would be accepted in full settlement. The testimony of the defendant is: "You see, I felt he overcharged me so terribly and I felt so all along, and I said 'No, Mr. Kinkey this thousand dollars is it.' Then he argued and argued, and

argued. And I said, 'I'll tell you what I will do just
to stop this argument, if you will finish up everything
spick and span, not the other $400, if you will finish
everything, hang these doors, do all this work'—that
I paid Mr. Yockey—'I'll give you $500.' He said,
'I'll think about it.' '' After that, according to her
testimony, they continued to discuss the completion of
the remodeling and the additional cost.

In *Winkler* v. *City of Columbus,* 149 Ohio St., 39 (77
N. E. [2d], 461), the Supreme Court said at page 44,
''where the testimony involved is that of the plain-
tiff and the plaintiff's testimony whether in chief or
cross-examination, discloses negligence on the part of
plaintiff contributing directly to her injuries the *fact*
has been settled and the matter becomes a question
of law to be determined by the court.''

That principle is applicable to the testimony of all
parties to all classes of cases.

There is no evidence relating to the time, place, or
circumstances of the actual delivery of the check.
There was no recital on the check that it was in full
payment. There is no evidence that the defendant
informed the plaintiff at the time that he could take
the check only on condition that it would be in full
payment. There is no evidence that the plaintiff or
defendant agreed to a complete settlement. On this
state of the evidence, the court would not have been
justified in submitting the issue of accord and satis-
faction to the jury. In 1 American Jurisprudence,
260, 261, Section 77, the undoubted rule is stated that
accord and satisfaction is an affirmative defense, the
burden of proving which rests upon the party relying
upon it, and that is followed by the statement: ''More-
over, the view has been accepted that proof of the
foregoing elements of accord and satisfaction must be
clear. So it is that the proof must be clear as to the
making an acceptance of the condition that a sum of-

fered in payment of an unliquidated claim should be accepted in full settlement thereof.'' Applying this rule to the tender of a check, it is said in the same volume, at page 223, Section 22, that ''in order that the acceptance of the check or remittance shall operate as a full discharge, the condition that it is to be accepted in full satisfaction of the pending claim or obligation must be expressly made or the circumstances must be such as to indicate clearly to the creditor that it is so sent.''

In *Pitts* v. *National Independent Fisheries Co.* (71 Colo., 316, 206 P., 571), 34 A. L. R., 1033, at 1035, the court says:

''In order to constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.''

When this test is applied to the defendant's testimony, it lacks any substantial tendency to prove that the plaintiff would understand that if he used the check he would be foreclosed thereby from asserting that a balance was due him.

That no accord was intended or effected is clear from the defendant's position in this case. By her cross-petition, she is seeking damages for various breaches of the contracts, which she claims were fully extinguished by an accord and satisfaction. If plaintiff's claim was extinguished by an accord, the discharge of his obligation was the only conceivable consideration. Her cross-petition placed her in the position of saying that the work done and materials furnished were not reasonably worth the amount she had paid and of asking a judgment for the difference. That

is entirely inconsistent with the existence of an accord and satisfaction of the dispute as to the amount due to the plaintiff.

There is another reason that precludes defendant from prevailing upon this assignment of error. As already noted, the only allegations as to this subject prior to the motion for a new trial are found in defendant's combination of defense of payment and denial to the second cause of action. It was placed in the middle of a three-page explanation of the details of the transaction between these parties. It was not pleaded as a defense to the first cause of action, and at no place was it denominated as an accord and satisfaction.

Under such circumstances, it seems to us that if the defendant intended to rely upon the defense of accord and satisfaction, the duty rested upon her to specifically call the matter to the attention of the court. In the absence of some notice or request, if failure to submit the issue of accord and satisfaction to the jury and instruct upon it is an error, it must be placed in the category of invited error, which an appellant may not invoke. 2 Ohio Jurisprudence, 956, Section 552.

(5) It is assigned as error that in instruction and in submitting forms of verdicts the court made no provision for the contingency of a finding that neither was entitled to recover—in other words for a finding for the defendant on the plaintiff's petition, and for the plaintiff on the defendant's cross-petition. At the close of the charge, defendant's counsel stated to the court: "It seems to me that you didn't quite make it clear to them what verdict they should render if they found for the plaintiff on the petition and for the defendant on the cross-petition." The court responded: "I said if they found for both of them then they would have to put in the difference between them." That ended the colloquy. The court had so

instructed the jury. No request for further instruction was made.

The most that can be said of this incident is that it was an omission to charge and not an affirmative error in the charge.

(6) Counsel also urge that the court erred in that part of its charge in which it instructed the jury as to the contingency upon which the defendant would or would not be entitled to a verdict on her cross-petition. We find no error in the charge prejudicial to the defendant.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., concurs.