Boyd, Appellant, v. Columbus Transit Co., Appellee.

(No. 5104—Decided February 24, 1955.)

*Messrs. Chamblin & Price,* for appellant.
*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. Bruce G. Lynn,* for appellee.

Hornbeck, J. This is an appeal on questions of law from a judgment for the defendant entered on a directed verdict of the jury at the conclusion of plaintiff's case.

Four errors are assigned. The first is the most material, and we consider the second, third and fourth only because we are required to pass on all errors assigned, and they would become material if we are not correct on our adjudication as to the first error assigned.

The first assignment is that the court erred in directing a verdict in favor of the defendant at the close of plaintiff's case.

The facts necessary to an appreciation of our question are as follows:

The plaintiff was a passenger on a bus owned and operated by the defendant company. Desiring to alight near the corner of State and Third Streets in Columbus, as the bus approached the stop, plaintiff arose to get ready to alight. The operator instructed her to get off at the rear door. As she left the bus and moved onto the lower step thereof preparatory to getting

off, she observed that the step of the bus was some distance, afterwards appearing to be at least two feet, from the curb. She noticed that the street proper was uneven and feared to step off into the street. She observed also that it would require more than her normal step to reach the sidewalk and thereupon determined to make the effort to reach the sidewalk, which she accomplished. She said that taking the step to the sidewalk was "a calculated risk." There is some doubt from her own testimony just exactly where her right foot landed, whether entirely free from the curb or touching the curb. In reaching the sidewalk, plaintiff fell and suffered serious injuries.

It was the claim of the plaintiff that the defendant was negligent in that it violated an ordinance requiring it to stop its bus for the departure of passengers at a distance of not more than 12 inches from the curb. The trial judge, upon the admission by the plaintiff of her knowledge of the physical situation when she stepped to the sidewalk, held that she was chargeable with contributory negligence as a matter of law. The correctness of that ruling is the sole question for consideration on the first error assigned.

Defendant admits for the purpose of this appeal that it was negligent.

This case, in our judgment, is very close. Were it not for the fourth paragraph of the syllabus of *Masters* v. *New York Central Rd. Co.,* 147 Ohio St., 293, 70 N. E. (2d), 898, and *Winkler* v. *City of Columbus,* 149 Ohio St., 39, 77 N. E. (2d), 461, in which latter case the judgment of this court was reversed (48 Ohio Law Abs., 161, 71 N. E. (2d), 729), we would be disposed to say that the court erred in directing the verdict for the defendant, and that the question of due care of plaintiff under all the circumstances was for the jury. Without reciting the testimony of the plaintiff, we believe that it may be fairly stated, construing it in her favor as the trial judge was required to do on the motion for a directed verdict, that the plaintiff in moving to the rear door to get off the bus acted upon the order of the operator of the bus. He was in control and had the right to direct the movement of the passengers, and plaintiff was expected to conform to his direction. It appears also that a number of people were getting onto the bus in the front and thus, to some

extent, interfering with her leaving the bus by the front door. This situation presented a sort of compulsion on the plaintiff to alight from the rear door. It would not excuse her from the exercise of ordinary care; but was it not a fact to be considered in testing whether she acted as an ordinarily prudent person would have done under the same circumstances? Then, too, the plaintiff in all probability acted somewhat hurriedly because that is the custom of passengers who enter and leave busses, although she said that she did have a minute, i. e., an appreciable length of time, to decide what course she should follow, and that she did appreciate that there was considerable distance from the bus to the curb. But, it should be noted that the danger, as she saw it, was that she might not be able to avoid stepping into the street proper. This was the risk that she wanted to avoid and the danger which she recognized. She did not say nor does her testimony require the inference that she knew that it would be dangerous for her to step to the curb or the sidewalk, if she could make it. Unlike in the *Masters case,* she had no superior knowledge of conditions at the place where she stepped from the bus.

The *Winkler case* has some facts which are similar to those found here. In that case, the plaintiff tripped and fell on a defective section of sidewalk. In one view of her testimony, she had no notice of the defect in the pavement, the cause of her fall. By another part of her testimony on cross-examination, she had such notice. Judge Turner, in the opinion, held that her statements showing knowledge were admissions against interest or judicial admissions. We felt that the case of *Pope, Admx.,* v. *Mudge,* 108 Ohio St., 192, 140 N. E., 501, and particularly the first paragraph of the syllabus thereof, required that the question of the knowledge of the plaintiff of the defect be submitted to the jury. The contradictory statement in the *Pope case* was elicited on cross-examination, as in the *Winkler case.* The similarity in the cases is found in the fact that the court held in the *Winkler case* that, notwithstanding the fact that the plaintiff may not have known of the identical defect over which she fell and which caused her injury, she was chargeable with contributory negligence because she had knowledge of the general condition of the sidewalk. So here, although

plaintiff had not the knowledge of the danger in stepping onto the sidewalk but was apprehensive of danger if she stepped into the street, under the holding in the *Winkler case,* she would be chargeable with negligence. We have difficulty in following the reasoning of Judge Turner in the *Winkler case,* but recognize our obligation to follow the judgment.

We have doubt about the correctness of the action of the trial judge in directing the verdict for the defendant, but do not feel justified in holding that he committed prejudicial error in so doing.

Without comment, we hold that the second and third assignments of error are well made, and that if perchance the cause should be ordered retried that the exhibits and the testimony offered by the plaintiff should be admitted. We do not find plaintiff's exhibit No. 1 in the record. The fourth assignment is not well made.

*Judgment affirmed.*

MILLER, P. J., and WISEMAN, J., concur.