BICK ET, PLAINTIFFS-APPELLEES, *v.* PERELMAN, D. B. A. HOWARD KING REALTY COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25473. Decided June 22, 1961.

*Messrs. Benesch, Friedlander, Mendelsohn, Gnau & Coplan,* for plaintiffs-appellees.

*Messrs. Clyne, Kane, Ray & Talty,* for defendant-appellant.

KOVACHY, P. J. Plaintiffs, Norbert S. Bick and George D.

Schatel, are a partnership engaged in accounting and auditing services. The partnership filed a petition in the Shaker Heights Municipal Court embracing two causes of action for accounting services claimed to have been performed by it for the defendant, Howard Perelman, doing business as Howard King Realty Company, praying for a judgment for $400.00 with interest on the first cause of action and for a judgment for $100.00 with interest on the second cause of action. The judgment of the trial court was as follows:

"Judgment for plaintiff as prayed."

Defendant's appeal is on questions of law from the judgment on the second cause of action.

The bill of exceptions discloses that the second cause of action concerned an audit of four specific land contracts among many handled by the defendant. The same was prepared at the direction of the defendant and comprised statements in addition to and supplemental to the accounting regularly done by the partnership under a year to year contract at a fixed price of $400.00. The defendant was dissatisfied with the report submitted by the plaintiff partnership for the year 1958 and desired additional work to correct claimed mistakes made in the yearly report. There was no mention of payment.

The plaintiff partnership claimed that a quasi contract existed between it and the defendant and that it was entitled to compensation on the basis of quantum meruit.

The record shows that George D. Schatel, one of the partners, testified as follows on direct examination:

"Q. Did you have any arrangement or any conversation with the Defendant, or anything with the Defendant above, with respect to the charge to be made for the four reports which have been identified as Plaintiffs' Exhibits 5, 6, and 7, and the one which was not available but which is admitted as having been rendered?

"A. None."

And on recross-examination:

"* * * I finished up the year 1958 and these four statements; and Mr. Perelman expected me to go through and do all the land contracts for all.

"I realized that would be done for nothing. I sent a bill for

$400. It wasn't paid. And I got a letter from Mr. Lewis Perelman stating he wasn't going to pay.

"I sent a bill for the additional audit statement and this is where we are today."

The unmistakable import of this testimony was that the partnership was not expected to be paid for this extra work at the time it was done and submitted a bill out of pure pique when the bill for $400.00 was not paid.

The testimony of a party to a lawsuit of facts subversive to his interest is considered conclusive evidence of such facts.

In 21 Ohio Jurisprudence, 2d, 710, Evidence, Section 684, "Conclusiveness of Evidence on Pary Introducing It," it is stated:

"The testimony of a party to an action necessarily subversive to his interests in the particular action is regarded in all courts as conclusive. In short, a party who becomes a witness is bound by his admissions on the witness stand. * * *"

*Tritsch* v. *Bach*, 87 Ohio App., 19, 93 N. E. 2d, 333, states the law in the syllabus as follows:

"Where, in an action at law for damages for the breach of an executory contract to form a partnership, the plaintiff's testimony amounts to an admission that the partnership was launched, plaintiff is held to be conclusively bound by such testimony, so that the fact has been settled and the matter becomes a question of law for the court upon whom the duty devolves to direct a verdict in favor of the defendant."

It is a fact, therefore, in this case that the plaintiff partnership performed this additional work without any expectation of payment.

A quasi contract, with respect to services rendered or work performed, rests upon the implication that the person who requests the service or work intends to pay for the same, and upon the presumption that the person rendering the service or performing the work expects to be paid for the same. Where these elements are not present in a transaction involving services rendered or work performed, there is no meeting of the minds on the terms of a contract and none, therefore, can be implied. Under the facts as shown by the record, the services in this case were rendered by the plaintiff partnership without any

expectation of payment and, as a consequence, a claim for compensation on the basis of quantum meruit does not lie.

Paragraph two of the syllabus of *The Columbus, Hocking Valley & Toledo Railway Co.* v. *Gaffney*, 65 Ohio St., 104, 61 N. E., 152, states:

"Where it is shown, or admitted, that a party performing services, that should have been performed by another, had no intention at the time to claim compensation, and did not expect to receive any from the other, no recovery therefor can be had upon a quantum meruit against the party for whom the work was done."

And the third paragraph of the A. L. R. headnote to *Robinette* v. *Hubbard Coal Mining Co.*, 88 W. Va., 514, 107 S. E., 285, 25 A. L. R., 212, states, "the mere request for the additional service, in the absence of an express agreement in regard thereto, generally does not justify the inference of an offer to pay anything in addition to the compensation specified in the original contract, it being assumed that the extra services were requested and performed as an incident of the employment." See 42 Ohio Jurisprudence, 485, Work, Labor, etc., Section 4.

Therefore, it necessarily follows that the plaintiff partnership should not have recovered a judgment on the second cause of action, and the judgment entered thereon by the trial court must be and hereby is reversed and final judgment entered for the defendant.

The wording of the judgment entered by the trial court fails to meet the requirement of law in that it does not state the specific relief granted.

Section 2323.22, Revised Code, reads:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court."

We accordingly modify the judgment of the trial court as to the first cause of action to read as follows:

"Judgment for the plaintiff on its first cause of action for $400.00 with interest at 6% from July 24, 1959."

Judgment as to the second cause of action reversed and final judgment for the defendant.

Cause remanded to the trial court to modify the entry of judgment as to the first cause of action as indicated above and to enter judgment for the defendant on the second cause of action.

Exceptions. Order see journal.

SKEEL and HURD, JJ., concur.