SCOTSMAN OF OHIO, INC., PLAINTIFF-APPELLANT, *v.* HY-DECKER INDUSTRIAL CATERING COMPANY, INC., DEFENDANT-APPELLEE (CONSOLIDATED WITH) SCOTSMAN OF OHIO, INC., PLAINTIFF-APPELLEE, *v.* HY-DECKER INDUSTRIAL CATERING COMPANY, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 26013 and 26029. Decided November 29, 1962.

*Messrs. McDonald, Hopkins, Hood & Hardy,* for plaintiff appellant-appellee.
*Mr. Sam Lerner,* for defendant appellee-appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment entered in the Cleveland Municipal Court from which both parties have taken an appeal, the cases having been consolidated by motion.

The defendant, Hy-Decker Industrial Catering Company, Inc., entered into a contract with the plaintiff, Scotsman of Ohio, Inc., to lease an ice-making machine with a storage bin

for a period of two years at a rental of $183.00 per month. Plaintiff allowed defendant a credit of $600.00 at the rate of $25.00 per month for the "trade-in" of an old ice-making machine. The new machine and bin were installed and the old machine removed on June 28, 1960. Within a month thereafter, defendant, through its attorney, instructed the plaintiff to remove the machine for the reason that it did not operate properly and suggested that the $600.00 credit be applied to the cost of removing said new ice machine and bin. Plaintiff, by means of a letter written by its attorney, agreed to remove the machine, accepted the offer as to the credit, and notified defendant of an intention to demand damages. Plaintiff removed the machine on August 11, 1960. Defendant had expended $401.71 for ice which it claimed was necessitated by the improper operation of the new ice machine. The record also discloses that the machine with the bin was installed outdoors without any cover contrary to the advice of the plaintiff that it be installed indoors, and that if it be installed outdoors it be covered. The defendant's president on the stand admitted that the trouble with the machine was caused by the bin heating up in the sun.

In 21 Ohio Jurisprudence (2d), 710, Evidence, Section 684, it is stated:

"The testimony of a party to an action necessarily subversive to his interest in the particular action is regarded in all courts as conclusive. In short, a party who becomes a witness is bound by his admissions on the witness stand. * * *"

See *Tritsch* v. *Bach*, 87 Ohio App., 19, 93 N. E. (2d), 333.

The fact, therefore, was conclusive that the faulty operation of the ice machine and bin was not attributable to any mechanical defects in the ice machine, as furnished by the plaintiff.

We conclude that since the plaintiff concurred with the defendant in the termination of the lease by removing the new ice machine and bin, and since the difficulty in the operation of said ice machine and bin as installed was caused by the defendant operating the same in the sun, contrary to the instructions of the plaintiff, the defendant was liable to the plaintiff only for the rental value of said machine and bin from the time of its installation until its removal by the plaintiff. Under the terms of the lease this amounts to $278.00.

It is clear under these circumstances that the defendant was not entitled to recover for the ice it purchased during the operation of the new ice machine and bin.

The judgment of the trial court in favor of the plaintiff in the sum of $1654.00 is, accordingly, modified to read "in the sum of $278.00 with interest at 6% from August 11, 1960" and the judgment as modified is affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.