**KENT SAMOA INC., dba KENT RENTAL & EQUIPMENT LEASING, Plaintiff**

**v.**

**FINA L. SHIMASAKI, Defendant**

High Court of American Samoa
Trial Division

CA No. 125-94

March 2, 1995

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel:  For Plaintiff, Katopau T. Ainu`u
     For Defendant, Barry I. Rose

Order Denying Motion for Summary Judgment:

## I. HISTORY

On February 14, 1992, defendant Fina L. Shimasaki ("Shimasaki") rented an automobile from plaintiff Kent Samoa, Inc., dba Kent Rental & Equipment Leasing ("Kent"), listing herself as the driver. On February

18, 1992, Shimasaki's son, Andy Tafua ("Tafua"), drove the rental vehicle and was involved in an accident resulting in damage to the rental vehicle and several others. Tafua is under the age of 21 years and does not have a legally valid driver's license. The rental agreement provided that the vehicle not be operated by any person not duly licensed and 21 years or older. The rental agreement further provided the option for the renter to purchase insurance for the vehicle, and made the renter absolutely liable otherwise. Shimasaki elected not to exercise the option. Kent now seeks summary judgment, arguing that there are no triable issues of fact, since the rental agreement imposes absolute liability. This motion was heard on December 19, 1994 with counsel for both parties present.

## II. STANDARD OF REVIEW

■ Summary judgment is appropriate where there is no issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. T.C.R.C.P. 56. It may be invoked only when "no genuine issue as to any material fact" exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-250 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1986). To determine that no material fact exists, the facts must be "beyond dispute," even though the non-moving party's factual assertions, supported by discovery material are presumed to be true, and that all inferences are construed in a light most favorable to the non-moving party. *Ah Mai v. American Samoa Government*, 11 A.S.R.2d 133, 136 (1989); *see also Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (1987); *U.S. v. Diebold*, 369 U.S. 654 (1952).

## III. DISCUSSION

Shimasaki argues that her debt was discharged by an "accord and satisfaction," pointing to a telephone call, and subsequent meeting where Kent's office manager allegedly assured her that payment of Kent's $1,000 insurance deductible would satisfy her obligations. Shimasaki claims that she agreed to pay $1,000 on that condition.

In order to constitute an accord and satisfaction,

> it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions.

141

*Kinkey v. Maxon*, 114 N.E.2d 852, 855 (Ohio App. 1952) (quoting *Pitts v. National Independent Fisheries*, 206 P. 571 (Colo. 1922)). Kent, citing *Kinkey*, alleges that a check lacking a notation that it represents payment in full fails to satisfy all obligations. The *Kinkey* court suggested, however, that a verbal statement that "she would pay the $1,000 only on condition that it would be accepted in full settlement," would probably be sufficient to create a binding accord. *Kinkey,* 114 N.E.2d at 854-55. Shimasaki alleges that such statements were made and agreed to by both parties in this case.

■ The existence of an accord and satisfaction becomes a question of law when both sides allege the same set of facts, but offer opposing applications of the law to those facts. *Kinkey,* 114 N.E.2d at 855. In this case, Shimasaki deserves an opportunity to present evidence on whether her payment of $1,000 to Kent was done with the mutual understanding that it would represent full payment. If we construe all factual material in a light most favorable to the non-moving party, we must conclude that Kent orally agreed with Shimasaki that $1,000 represented full payment. This conclusion demonstrates a genuine issue as to material fact that warrants full adjudication.

■ Kent argues that accord and satisfaction may not result from part payment of a liquidated or undisputed amount. That argument, however, begs the question of whether the damages alleged by the plaintiff are undisputed. There is no liquidated damages clause in the rental agreement. Furthermore, an argument could be made that payment of Kent's insurance deductible compensated Kent for "all loss or damage" as the rental agreement required. Whether payment of the deductible could actually satisfy the agreement is unimportant. If there is a reasonable basis for a good faith dispute as to the amount of a debt, that dispute may be settled by an accord and satisfaction, even where the claim or defense giving rise to the dispute was invalid. RESTATEMENT (SECOND) CONTRACTS § 74 (see also cmts. b & c, and ill. 4). The debt may be undisputed in the sense that the contract seems to impose absolute liability on the renter, but the amount of the damages is a genuine issue of fact for proof at trial. *Id.* at cmt. c.

A demand is not liquidated even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as "unliquidated" within the meaning of that term as applied to the subject of accord and satisfaction. *Winter Wolff v. Co-op Lead & Chemical*, 111 N.W.2d 461, 465 (Minn.

1961) (quoting *Nassoiy v. Tomlinson*, 42 N.E. 715, 716 (NY 1896)). Most importantly, the old common law rule that one cannot waive part of an undisputed obligation by accord and satisfaction is arguably the product of judicial mistake, and is increasingly disfavored by some courts. *Id.* at 465-66.

We therefore deny Kent's motion for summary judgment.

It is so ordered.